IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–14–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JORDAN CHARLES KIRSCH, | |
| Defendant. | |

Before the Court is Defendant Jordan Charles Kirsch's Motion to Dismiss the Indictment. (Doc. 16.) For the reasons discussed below, the Court denies the motion.

**BACKGROUND**

On or about November 2023, Rayshell Kirsch (hereinafter "Petitioner")—Defendant Kirsch's estranged wife—filed a petition for temporary restraining order of protection and request for hearing on behalf of herself and her minor children in the Montana Eighteenth Judicial District Court, Gallatin County. (Docs. 1-1 ¶ 4; 17-1 at 3.) The Gallatin County District Court conducted a hearing on November 14, 2023, and issued a Temporary Order of Protection and Order Setting Hearing against Kirsch after finding that Petitioner and her children were in danger of harm from Kirsch. (*Id.*) The Temporary Order of Protection contained several

1

warnings, including a warning that "Federal law provides penalties for possessing, transporting, shipping, or receiving any firearm or ammunition (18 U.S.C. Section 922(g)(8))." (*Id.*)

On November 30, 2023, a second hearing was held, but Kirsch did not attend. (*Id.* ¶ 6.) The court set a new hearing date for December 19, 2023, and issued an Order Continuing the Temporary Order of Protection. (*Id.*) Kirsch was served a copy of the Gallatin County District Court's orders by Deputy Chris Sinclair of the Gallatin County Sherriff's Office during a routine traffic stop. (*Id.* ¶ 7.) Kirsch subsequently notified the court, via email, that he would not attend the December hearing. (*Id.* ¶ 8.)

The final hearing was held on December 19, 2023, but Kirsch did not attend. (*Id.*) The court issued an Order of Protection finding that Petitioner is "in danger of harm" and restraining Kirsch from "committing further acts of abuse or threats of abuse," (Doc. 17-1 at 1). The Order also incorporates by reference "those findings of fact and conclusions of law" that were issued orally at the hearing on December 19, 2023. (*Id.* at 1.) At the hearing, the Gallatin County District Court found that Petitioner "is in reasonable apprehension of serious bodily injury." (Doc. 19-1 at 4.)

The Order of Protection further states that Kirsch must not "commit or threaten to commit any acts of violence against Petitioner or her minor children,"

"threaten, harass, abuse, follow, stalk, annoy, or disturb the peace of Petitioner or her minor children," "telephone, e-mail, write, contact, or otherwise communicate, directly or indirectly, or through a third party with Petitioner or her minor children," or "take, hide, sell, damage, or dispose of Petitioner's property." (*Id.* at 2–3.) The Order also prohibits Kirsch from coming within 300 feet of Petitioner's person, home, workplace, vehicle, and her children's school/daycare. (*Id.* at 1, 3.) Finally, the Order limits Kirsch's visitation with his children to one supervised visit each Monday for a period of one hour at a specified location. (*Id.* at 3.) The Order contains the same warning regarding 18 U.S.C. § 922(g)(8). (*Id.*) The Order remains in effect for ten years, until December 19, 2033, unless an extension is granted by the court. (*Id.*)

On April 9, 2024, the Gallatin County District Court issued a Writ of Assistance for Kirsch to be removed from his residence at 2495 Airport Road in Belgrade, Montana, which he co-owns with Petitioner, and for Petitioner to be delivered sole possession of said residence. (Doc. 1-1 ¶ 13.) Petitioner had been residing at a different address in Belgrade, Montana, for over a year. (*See* Docs. 1-1 ¶ 14; 17 at 3; 17-1 at 3.) Petitioner reported to law enforcement that when she moved out of the residence at 2495 Airport Road, she left behind two firearms that belonged to her. (Doc. 1-1 ¶ 14.) Petitioner also reported that she had asked

3

Kirsch to return the firearms on multiple occasions, but Kirsch refused. She reported that Kirsch hid the firearms in the crawl space under the residence. (*Id.*)

On April 15, 2024, Kirsch contacted Petitioner via cell phone, in violation of the Order of Protection. (*Id.*) On April 28, 2024, Gallatin County Sheriff's Office Deputy Tim Clark was conducting surveillance on Kirsch's residence at 2495 Airport Road when Deputy Clark observed Kirsch exit the residence with a black semi-automatic handgun. (*Id.* ¶ 15.) Deputy Clark observed Kirsch fire the handgun ten to twenty times toward a berm built near the property. (*Id.*)

On March 30, 2024, Kirsch was charged via Criminal Complaint with one count of prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(8). (Doc. 1.) Kirsch was arrested pursuant to a federal warrant on May 2, 2024. (Docs. 2; 17 at 4.) During a subsequent search of the residence at 2495 Airport Road conducted with Petitioner's consent, law enforcement seized several rounds of various caliber ammunition and two firearms, a Black Taurus TX .22 Long Rifle and a Charter Arms UC Lite .38 revolver. (Doc. 17 at 4.)

On May 20, 2024, the United States filed an Indictment charging Kirsch with one count of prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(8). (Doc. 8.) The Indictment specifically charged:

> That in, about, and between April 28, 2024 and May 2, 2024, at Belgrade, in Gallatin County, in the State and District of Montana, the defendant, JORDAN CHARLES KIRSCH, knowing he was subject to a court order issued by Montana. Eighteenth Judicial District Court in Gallatin County on December 20, 2023, after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, threatening, abusing, following, stalking, annoying, and disturbing the peace of an intimate partner that by its terms explicitly prohibited the use and threatened use of physical force against such intimate partner, knowingly possessed, in and affecting interstate commerce, firearms and ammunition, in violation of 18 U.S.C. § 922(g)(8).

(*Id.*)

On August 1, 2024, the United States filed a Superseding Indictment charging Kirsch with one count of prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(8).  (Doc. 29.)  The Superseding Indictment charges as follows:

> That in, about, and between April 28, 2024 and May 2, 2024, at Belgrade, in Gallatin County, in the State and District of Montana, the defendant, JORDAN CHARLES KIRSCH, knowing he was subject to a court order issued by Montana. Eighteenth Judicial District Court in Gallatin County on December 20, 2023, after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, threatening, abusing, following, stalking, annoying, and disturbing the peace of an intimate partner that *found he represented a credible threat to the physical safety of such intimate partner or child and* by its terms explicitly prohibited the use and threatened use of physical force against such intimate partner, knowingly possessed, in and affecting interstate commerce, firearms and ammunition, in violation of 18 U.S.C. § 922(g)(8).

(*Id.* (emphasis added).)

5

## DISCUSSION

18 U.S.C. § 922(g)(8) makes it unlawful for any person to possess in or affecting commerce any firearm or ammunition if they are subject to a court order that—

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury

Subsections (A), (B), and (C) are conjunctive, meaning they must all be satisfied for an individual to be guilty of § 922(g)(8). *See United States v. Sanchez*, 639 F.3d 1201, 1204 (9th Cir. 2011) (explaining that "for a court order to meet the requirements of § 922(g)(8), it must satisfy" subsections (A), (B), and (C)). However, subsections (C)(i) and (C)(ii) are disjunctive, meaning that the satisfaction of either clause is sufficient for prosecution under § 922(g)(8). *See United States v. Rahimi*, 144 S. Ct. 1889, 1895 (2024) (treating (C)(i) and (C)(ii) in the disjunctive).

6

Kirsch's Motion to Dismiss raises two grounds for dismissal. First, Kirsch argues that § 922(g)(8) violates his Second Amendment rights under the test articulated by the Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). (Doc. 17 at 4.) Under *Bruen*, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, . . . the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17. Kirsch argues that his possession of firearms is protected under the Second Amendments because: (A) he is "part of 'the people' and his possession of firearms in his home for purposes of self-defense is presumptively protected," (Doc. 17 at 4); and (B) "the government cannot show that § 922(g)(8) is consistent with the history and tradition of gun regulation in the United States," (*id.* at 6).

In *Rahimi*, the Supreme Court addressed a facial challenge to the constitutionality of § 922(g)(8) under *Bruen*. *Rahimi*, 144 S. Ct. at 1902. The Court concluded that "[w]hen an individual has been found by a court to pose a credible threat to the physical safety of another"—i.e., when subsection (C)(i) is satisfied—that individual "may be temporarily disarmed consistent with the Second Amendment." *Id.* at 1903. In other words, where the criteria set forth in subsections (A), (B), and (C)(i) are met, the Supreme Court has held the

7

application of § 922(g)(8) is constitutional. However, the Court declined to reach "whether regulation under Section 922(g)(8)(C)(ii) is also permissible." *Id.* at 1899.

At the motion hearing on July 17, 2024, both parties conceded that *Rahimi* is dispositive on the constitutionality of a prosecution under § 922(g)(8)(C)(i). However, the Court noted that the Indictment only charged Kirsch under § 922(g)(8)(C)(ii). The Court therefore requested supplemental briefing as to whether *Rahimi* is dispositive of the precise issue presented here. In its supplemental brief filed on July 25, 2024, Kirsch acknowledged that *Rahimi* is not dispositive of the exact issue presented but conceded that a superseding indictment charging Kirsch under § 922(g)(8)(C)(i) would render his constitutional challenge moot. (Doc. 27 at 3–4.) As stated above, the United States returned a Superseding Indictment charging Kirsch under both § 922(g)(b)(C)(i) and (C)(ii). Accordingly, Kirsch's constitutional challenge is moot because the Superseding Indictment brings this matter within the scope of *Rahimi*.

This brings the Court to Kirsch's second argument: the Gallatin County District Court's Order of Protection fails to satisfy the statutory requirements of § 922(g)(8) because the Order "does not include a finding that Mr. Kirsch represents a credible threat to [Petitioner's] physical safety," per subsection (C)(i), nor does the Order "expressly prohibit the use, attempted use, or threatened use of physical

8

force reasonably expected to cause bodily injury," per subsection (C)(ii).  (Doc. 17 at 9.)  Kirsch's argument fails because the Order of Protection in question does contain the requisite language under subsection (C).

The Order of Protection incorporates by reference the Gallatin County District Court's oral finding from the hearing on December 19, 2023, that Petitioner "is in reasonable apprehension of serious bodily injury."[1]  While this language is not identical to that contained in § 922(g)(8)(C)(i), it is an express finding that Kirsch presents a credible threat to Petitioner's physical safety.  Likewise, the language contained in the Order of Protection satisfies the criteria of subsection (C)(ii) by prohibiting Kirsch from "commit[ing] or threaten[ing] to commit any acts of violence against Petitioner or her minor children," as well as "threaten[ing], harass[ing], abus[ing], follow[ing], stalk[ing], annoy[ing], or disturb[ing] the peace of Petitioner or her minor children."  Although not identical to the language in subsection (C)(ii), the language in the Order of Protection is substantially similar and is therefore sufficient.  *Sanchez*, 639 F.3d at 1206 (holding that "18 U.S.C. § 922(g)(8) does not require the precise language of (8)(C)(ii) to be contained in a court order" so long as the order contains "explicit terms substantially similar in meaning to the language of (8)(C)(ii)").

---

[1] At the hearing, both parties agreed that the Order of Protection's incorporation by reference to the Gallatin County District Court's oral finding is sufficient to satisfy the requirements under subsection (C)(i).  The Court agrees.

Notably, Kirsch does not challenge the existence of the criteria set forth under subsections (A) or (B), (Doc. 17 at 8), and the Court agrees that both criteria are met here. Kirsch had notice and an opportunity to be heard at the hearing on December 19, 2023, and the Order of Protection restrains Kirsch from harassing, stalking, or threatening Petitioner or Petitioner's child, or engaging in other conduct that would place Petitioner in reasonable fear of bodily injury to herself or her child.

## CONCLUSION

Because the Superseding Indictment charges Kirsch under both § 922(g)(8)(C)(i) and (C)(ii), Kirsch's as-applied constitutional challenge fails under *Rahimi*. And, because the elements set forth under subsections (A), (B), and (C) are met, Kirsch's motion must be denied.

Accordingly, IT IS ORDERED that Kirsch's Motion to Dismiss the Indictment (Doc. 16) is DENIED.

IT IS FURTHER ORDERED that trial and any associated deadlines will be reset by future order following the resolution of Kirsch's pending psychological or psychiatric examination and report.

DATED this 6th day of August, 2024.

_____
Dana L. Christensen, District Judge
United States District Court

10