IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–14–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JORDAN CHARLES KIRSCH, | |
| Defendant. | |

On June 2, 2025, Defendant Jordan Charles Kirsch filed a pro se motion to reduce his 18-month custodial sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 95.) Mr. Kirsch has represented himself throughout these proceedings. (Doc. 40.) His projected release date is August 2, 2025. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed July 7, 2025). The government opposes the motion. (Doc. 106.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in

1

prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community."  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Mr. Kirsch argues that a reduction in his sentence is warranted due to his family circumstances. (Doc. 95 at 8.) For the reasons discussed below, the Court denies the motion.

## I.    Jurisdiction on Appeal

In general, the filing of a notice of appeal is an "event of jurisdictional significance" that confers jurisdiction on the court of appeals while divesting the district court of jurisdiction to control those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007). The rule is "clearly necessary to prevent the procedural chaos that would result if concurrent

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

jurisdiction were permitted." *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 200 (9th Cir. 1977). Here, Mr. Kirsch filed a notice of appeal of the Judgment entered in this case on March 19, 2024. (Doc. 89.) The Court therefore lacks jurisdiction over Mr. Kirsch's motion because it concerns his sentence presently on appeal. *See United States v. Martin*, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020) (observing the court is without authority to rule on a motion under § 3582(c)(1)(A)(i) while defendant's sentence was on appeal).

## II.     Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Kirsch requests that this Court "waive the exhaustion requirement due to the urgent and compelling nature of the circumstances." (Doc. 95 at 1.) As the Government recognizes, Mr. Kirsch has clearly failed to exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A), and, as a result, the Court may not consider his request. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (district court must enforce administrative exhaustion requirement when properly invoked by the government).

3

### III.    Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023). Additionally, an extraordinary and compelling reason exists where the defendant presents the following family circumstances:

(b)(3) Family Circumstances—

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar

to those listed in paragraphs 3(A) through 3(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs 3(A) through 3(C) as well as grandchild, grandparent, or sibling of the defendant.

USSG § 1B1.13(b)(3).

It appears that Mr. Kirsch is seeking relief pursuant to the family circumstances provision. Mr. Kirsch argues that his wife needs support as she is suffering from kidney failure and requires assistance with their children and paying their mortgage. (Doc. 95 at 8.) As support, Mr. Kirsch has provided three pages of medical records for his wife. (Doc. 97.) The United States counters that Mr. Kirsch has not provided a statement from his wife establishing that her diagnosis is such that Mr. Kirsch is the only available caregiver. (Doc. 106 at 10–11 (citing USSG § 1B1.13(b)(3)(D)). The United States also observes that the medical records show a glomerular filtration rate ("GFR") of 69 and an associated stage of 2, indicating kidney damage and mild decrease in GFR. (*Id.* at 11 (citing Doc. 97 at 3.)) The stages of record, the United States continues, range from Stage 1 to Stage 5, with Stage 5 being kidney failure. (*Id.*)

The Court finds that Mr. Kirsch has not demonstrated extraordinary and compelling circumstances that warrant an early release. While Mr. Kirsch's wife

undoubtedly has medical issues, the record does not indicate that Mr. Kirsch is the only available caregiver, nor that Ms. Kirsch is incapacitated or otherwise incapable of caring for herself or the children.

## IV.    Section 3553(a) Factors

The Court must address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

On March 14, 2024, Mr. Kirsch was sentenced to 18 months in the custody of the Bureau of Prisons after a jury found him guilty of being a prohibited person in possession of firearms and ammunition. (Docs. 66, 86.) Mr. Kirsch was sentenced to a term of supervised release of 3 years. (Doc. 86.) The offense conduct in this case involved Mr. Kirsch possessing and firing a handgun while being the subject of an Order of Protection, in violation of 18 U.S.C. § 922(g)(8).

(Doc. 88 ¶¶ 10–16.)

Mr. Kirsch's offense level was 14 and his total criminal history score was zero at the time of sentencing, placing him in criminal history category of I. (*Id.* ¶¶ 29, 33–34.) This resulted in a guideline range of 15 to 21 months. (Doc. 87 at 1.) The minute entry from the sentencing proceeding notes that the Court reviewed the §3553(a) factors at the time of sentencing; therefore, the Court need not address them in full again. (Doc. 85.) The Court finds the nature of Mr. Kirsch's conviction very concerning and believes that he continues to present a danger to the community. Mr. Kirsch has approximately two months remaining on his custodial sentence. Completion of the sentence imposed will best serve the aims of sentencing under § 3553(a), particularly the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public.

## CONCLUSION

Mr. Kirsch has not demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence. The § 3553(a) factors support denial of Mr. Kirsch's request.

Accordingly, IT IS ORDERED that the defendant's motion to reduce sentence (Doc. 95) is DENIED.

The Clerk of Court is directed to mail a copy of this Order to Mr. Kirsch.

DATED this 10th day of July, 2025.


Dana L. Christensen, District Judge
United States District Court