IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JORDAN CHARLES KIRSCH,<br><br>Defendant. | CR 24–14–BU–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Jordan Charles Kirsch's pro se Motion for Early Termination of Supervised Release. (Doc. 155.) Mr. Kirsch was adjudicated guilty of being a prohibited person in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(8). (Doc. 66.) On March 14, 2025, Mr. Kirsch was sentenced to a term of imprisonment of 18 months with three years of supervised release to follow. (Doc. 86.) Mr. Kirsch completed his term of imprisonment on July 23, 2025. (Doc. 117 at 1.) As of the date of this order, he has completed approximately fourteen months of his three-year term of supervised release. He now seeks termination of the remaining term of supervision. (Doc. 156.) The United States opposes this motion. (Doc. 157 at 1.)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B),

> (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Kirsch began his term of supervised release in July 2025 (Doc. 117 at 1), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing

decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

Here, Mr. Kirsch has served approximately 14 months of his term. Although disposition was held in abeyance, the Court previously found that Mr. Kirsch violated the conditions of his supervised release. (Doc. 137 at 1.) An additional petition alleging a violation of the terms supervised release was filed prior to the disposition of the initial violation. (Doc. 138.) On February 10, 2026, the Court dismissed the petition. (Doc. 139.) The Court commends Mr. Kirsch for his compliance in the period that has elapsed since he was last before the Court, and also notes the positive strides that Mr. Kirsch appears to have made in his personal life. However, the period of compliance has still been relatively brief. Accordingly, the Court finds that the § 3553(a) factors do not support early termination of Mr. Kirsch's supervised release at this time.

Accordingly, IT IS ORDERED that the motion (Doc. 155) is DENIED.

DATED this 7th day of October, 2026.

Dana L. Christensen, District Judge
United States District Court